Clerk's Office
Filed Date: 6/15/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WOUN JAE SHIN,

                Plaintiff,

    -against-

PARTY WELL REST & ORIENTAL
BAKERY INC., DANIEL AHN, and
YOUNG JOON AHN,

                Defendants.

-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-cv-1319 (CBA) (TAM)

**AMON, United States District Judge:**

On April 12, 2023, the jury returned a verdict in favor of the Plaintiff. (See ECF Docket Entry ("D.E.") # 90 (Minute Entry); D.E. # 91, at *20-25 ("Jury Verdict").)[1] The parties have filed letter briefs addressing various post-verdict issues. (See D.E. # 92 (Pl. Let.); D.E. # 93 ("Defs. Let.").)

## I.    Prejudgment Interest

I reject the Defendants' argument that the Plaintiff is not entitled to prejudgment interest because he failed to file a proper motion pursuant to N.Y. C.P.L.R. § 5001(c) and to plead this relief in his complaint. (See Defs. Let. 2.) I construe the Plaintiff's letter as the appropriate motion for the Court to fix a date to calculate prejudgment interest. Further, Federal Rule of Civil Procedure 54(c), which is cited by the Defendants, explicitly provides that "[e]very other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); cf. Amaya v. Superior Tile & Granite Corp., No. 10-cv-4525 (PGG), 2012 WL 130425, at *11 (S.D.N.Y. Jan.

---

[1] Citations to pages with an asterisk refer to the PDF page number.

17, 2012) ("Courts routinely grant pre-judgment interest in connection with awards under the [New York] Labor Law pursuant to [N.Y.] C.P.L.R. § 5001."). To the extent the Defendants raise an argument that they did not receive proper notice, I take notice that the parties' Joint Pretrial Order explicitly stated that the Plaintiff will be seeking "statutory interest." (D.E. # 54 (JPTO) at *2.)

I therefore grant the Plaintiff prejudgment interest on his New York Labor Law claims. Under New York law, prejudgment interest is awarded at the rate of nine percent (9%) per annum. N.Y. C.P.L.R. § 5004. For damages occurring "at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). A district court has "wide discretion in determining a reasonable date from which to award prejudgment interest." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015) (quoting Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994)). Courts in the Second Circuit routinely use the "midpoint of the claims" to calculate a single intermediate date. See, e.g., id.; Ying Ying Dai v. ABNS NY Inc., 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020); Lopic v. Mookyodong Yoojung Nakjie, Inc., No. 16-cv-4179 (KAM) (CLP), 2017 WL 10845064, at *10 (E.D.N.Y. Sept. 30, 2017). In so holding, I reject the Defendants' proposed alternative midpoints: either by taking the date which the Plaintiff filed the complaint, or by taking the midpoint between the beginning of the liability period of October 11, 2011 through today. (See Defs. Let. 3.) The Defendants cite no case in support of these alternative proposals.

Thus, the Plaintiff is awarded prejudgment interest at the rate of nine percent (9%) per annum on the full award of backpay of three hundred and eight thousand, one hundred forty-four dollars, and thirty-eight cents ($308,144.38), which equals to seventy-five dollars and ninety-eight cents ($75.98) per day, for the period from July 7, 2014 (the midpoint of October 11, 2011 and

April 2, 2017) to the date of judgment.[2] The individual Defendants, Daniel Ahn and Young Joon Ahn, shall be jointly and severally liable to the extent below:[3]

- Daniel Ahn: $49.53 per day from May 21, 2013 (the midpoint of October 11, 2011 and December 31, 2014) to the date of judgment.

- Young Joon Ahn: $25.26 per day from January 1, 2016 (the midpoint of January 1, 2015 and December 31, 2016) to the date of judgment.

## II. Post-Judgment Interest

I reject the Defendants' argument that the Plaintiff is not entitled to post-judgment interest because he failed to plead this relief in the complaint. See Lopic, 2017 WL 10845064, at *13 ("[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (quoting Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017)). Thus, the Plaintiff is awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).

---

[2] Prejudgment interest per day is calculated as: Principal (Unpaid Overtime + Unpaid Spread of Hours) x 9% / 365 Days.

[3] Because the three Defendants are liable for different portions of the unpaid overtime and unpaid spread-of-hours wages, (see Jury Verdict at *21), prejudgment interest per day is calculated as follows:

| Defendant | Principal (Unpaid Overtime + Unpaid Spread of Hours) | Prejudgment Interest Per Day (Principal x 9% / 365) |
| --- | --- | --- |
| Party Well Rest & Oriental Bakery, Inc. | $308,144.38 | $75.98 |
| Daniel Ahn | $200,876.17 | $49.53 |
| Young Joon Ahn | $102,436.31 | $25.26 |

## III.   Interest from Non-Payment

I will award a fifteen-percent (15%) increase in the judgment, not including post-judgment interest, for any amounts of the judgment that are not paid within ninety days of judgment or within ninety days of the expiration of time to appeal, whichever is later. See N.Y. Lab. Law § 198(4).

SO ORDERED.

Dated: June 14 2023
        Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley/Amon
United States District Judge