UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

WOUN JAE SHIN,

               Plaintiff,

            -against-

PARTY WELL REST & ORIENTAL
BAKERY, INC., DANIEL AHN, AND
YOUNG JOON AHN,

               Defendants.

**MEMORANDUM
AND ORDER**
20-CV-1319 (CBA) (TAM)

--------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Woun Jae Shin initiated this action against Defendants Party Well Rest &
Oriental Bakery Inc., doing business as Mail Garden Restaurant; Daniel Ahn; and
Young Joon Ahn on March 11, 2020. (Compl., ECF No. 1.) Plaintiff alleged various
claims, including violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
("FLSA") and New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et
seq.* (*Id.* at ¶ 1.) Following two rounds of mediation, the denial of Plaintiff's motion for
summary judgment, and two settlement conferences before the Honorable Carol Bagley
Amon and the Honorable Cheryl L. Pollak, the case proceeded to trial in April 2023.
Prior to trial, Plaintiff voluntarily dismissed his FLSA claim so as to streamline the trial.
(*See* Stip. of Dismissal, ECF No. 78; Pl.'s Ltr., ECF No. 76; Apr. 6, 2023 ECF Order.) The
jury returned a verdict in Plaintiff's favor, finding Defendants liable on all of Plaintiff's
claims under the NYLL, including unpaid overtime, unpaid spread-of-hours, and
failure to provide a time-of-hire notice. (*See* Verdict Sheet, ECF No. 91, at ECF pp. 20–
25.) The jury also found that Defendants had not acted in good faith, as defined by the

court's instructions, which was relevant to the applicability of liquidated damages. (*See id.* at ECF p. 25.) Based on the jury's findings, Judge Amon issued a judgment in favor of Plaintiff in the amount of $618,788.76, plus interest. (Judgment, ECF No. 98.) Plaintiff's counsel now seeks fees and costs. (Decl. of Ryan Kim in Supp. of Pl.'s Mot. for Att'y's Fees & Costs, ECF No. 95 (hereinafter "Kim Decl.").) Defendants object on substantive and procedural grounds. (Defs.' Mem. of Law in Opp'n to Award Att'y's Fees & Costs, ECF No. 96 (hereinafter "Defs.' Mem.").) For the reasons set forth herein, the Court grants Plaintiff's motion for fees and costs in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in the complaint, Plaintiff alleged that Defendants hired him to work as a manual laborer at their restaurant from 2004 to 2017. (Compl., ECF No. 1, ¶ 7.) In the complaint, Plaintiff claimed that he regularly worked six days per week, 12 to 13 hours per day, and was paid a flat rate of $600 or $700. (*Id.* ¶¶ 8, 9.) On April 12, 2023, the last day of trial, the jury returned a verdict for Plaintiff on all claims under the NYLL, finding that Defendants owed Plaintiff back wages from 2011 to 2017.[1] (Verdict Form, ECF No. 91, at ECF pp. 21–22.) Based on the jury's findings, Judge Amon issued a judgment awarding Plaintiff $618,788.76, including $296,093.63 in unpaid overtime,

---

[1] Specifically, the jury found that Party Well Restaurant & Oriental Bakery was Plaintiff's employer during the entire liability period, i.e., from 2011 to 2017, and that Defendant Daniel Ahn was jointly liable as an employer from 2011 to 2014, while Defendant Young Joon Ahn was jointly liable from 2015 to 2016. (Verdict Form, ECF No. 91, at ECF p. 21.) Based upon the jury's findings regarding damages as to the years of employment for which each Individual Defendant was found responsible, the judgment apportioned liability to Defendant Daniel Ahn and Defendant Young Joon Ahn at the rates of 65.3% and 33.1%, respectively. (*See* App. to Judgment, ECF No. 98, at ECF p. 2.) Since the jury did not find either Individual Defendant to have been Plaintiff's employer for 2017, the wage deficiency for that year, approximately 1.6% of the total damages, is attributable to Corporate Defendant only. (*See id.*) As set forth below, the Court uses these same percentages to apportion liability to Individual Defendants for the attorney's fee award. *See, e.g., Hernandez v. Goord*, No. 01-CV-9585 (SHS), 2014 WL 4058662, at *13 (S.D.N.Y. Aug. 14, 2014) (exercising discretion "to apportion liability for attorney's fees in relation to each defendant's share of the judgment").

$12,050.75 in unpaid spread-of-hours pay, liquidated damages of $308,144.38, and a statutory penalty of $2,500, as well as pre- and post-judgment interest, and additional interest in the event the judgment is not paid, pursuant to the NYLL. (App. to Judgment, ECF No. 98, at ECF pp. 2–3.) The statutory penalty was based on the jury's determination that Defendants failed to provide Plaintiff with a proper wage notice at the time of hire. (Verdict Form, ECF No. 91, at ECF p. 24.) The judgment also detailed each Defendant's liability for the total award, and the basis for the interest calculations. (Judgment, ECF No. 98.)

On April 21, 2023, shortly after trial, Plaintiff's counsel filed a letter setting forth Plaintiff's arguments in support of his entitlement to pre- and post-judgment interest, and requesting leave to file a motion for attorney's fees and costs. (Pl.'s Ltr., ECF No. 92.) On May 8, 2023, Judge Amon set a briefing schedule for the attorney's fee application, directing Plaintiff's counsel to move for attorney's fees by May 12, 2023, with Defendants to file a response by May 26, 2023. (May 8, 2023 ECF Scheduling Order.) On May 12, Plaintiff's counsel filed a letter motion seeking an extension of time to May 19, 2023, to file the attorney's fee application. (Pl.'s Ltr., ECF No. 94.) Judge Amon granted the motion on May 15, 2023, directing Plaintiff's counsel to file the application by May 19, 2023, and setting June 2, 2023, as Defendants' deadline for a response. (May 15, 2023 ECF Order.)

On May 20, 2023, Plaintiff's counsel filed the application for fees, styled as a declaration in support of the fee petition, which was filed with an accompanying memorandum of law and exhibit. (*See* Kim Decl., ECF No. 95; Pl.'s Mem. of Law in Supp. of Appl. for Att'ys' Fees & Costs, ECF No. 95-1 (hereinafter "Pl.'s Mem."); Pl.'s Ex., ECF No. 95-2 (hereinafter "Billing Records").) On June 2, 2023, defense counsel filed Defendants' opposition to the attorney's fee application, arguing that it is procedurally

deficient because it was filed late and not styled as a motion, and is substantively deficient, as discussed more fully below. (Defs.' Mem., ECF No. 96.)

In the declaration submitted in support of the application for fees and costs, Plaintiff's counsel Ryan Kim seeks $276,407 in fees, including $262,295 in fees for his work, based on 476.9 hours billed at an hourly rate of $550, and $14,112 in fees for the work of paralegal Jia Choi, based on 117.6 hours billed at an hourly rate of $120. (Kim Decl., ECF No. 95, ¶ 41.) Counsel also seeks reimbursement for costs in the amount of $7,295.71.[2] (*Id.* at 10.) Accordingly, counsel seeks a grand total of $283,702.71 in attorney's fees and costs. (*Id.* at ¶ 51.)

In response, Defendants contend that the court "should refuse to award Plaintiff any attorney's fees or costs on both procedural and substantive grounds." (Defs.' Mem., ECF No. 96, at 2.) Specifically, Defendants argue that Plaintiff's application is procedurally deficient because it was filed one day late, and counsel failed to seek an enlargement of time to file. (*Id.* at 3.) Defendants further argue that the application should be denied because it was not filed "<u>by motion</u> in accordance with Rule 54" of the Federal Rules and contending that the docket is "devoid" of materials required by Fed. R. Civ. P. 54, and Local Rules 6.1, 7.1, and 54.1(c)(7). (*Id.* (emphasis in original).) Due to Plaintiff's counsel's purported failure to file the application as a motion, Defendants posit that "[i]t is axiomatic that the Court cannot grant a motion that has not been made." (*Id.*)

---

[2] The Court notes that counsel's original request for costs is less than the amount of costs as to which he ultimately submitted receipts. Finding that the costs are reasonable and properly documented, the Court awards costs in an amount consistent with the receipts submitted by counsel, as detailed below. (*Compare* Kim Decl., ECF No. 95 *with* Receipts, ECF No. 108-1.)

Defendants also argue that Plaintiff's motion has substantive deficiencies. First, Defendants argue that "Plaintiff has failed to produce for review his engagement letter with his counsel," and question whether Plaintiff's counsel has complied with the professional rules with regard to contingency fees. (*Id.* at 4.) Defendants also contend that Plaintiff's counsel's billing records are an insufficient basis for a fee award, arguing that they do not "appear" to be contemporaneous and because Plaintiff's counsel "admits that he has altered the information reflected in the Billing Statement from its original condition."[3] (*Id.* at 5 (emphasis in original).) Relatedly, Defendants argue that no additional information has been provided to "confirm" that the Billing Records were contemporaneously generated, and that Plaintiff's counsel has not provided metadata for counsel's billing software. (*Id.* at 5–6)

As to costs, Defendants argue that they should not be awarded because the NYLL does not expressly provide for an award of costs, that Plaintiff has not submitted receipts for costs, and that Plaintiff failed to file an appropriate motion under Federal Rule of Civil Procedure 54. (*Id.* at 6.) After Plaintiff's original application was filed, the Court issued an order noting that counsel had not provided "receipts, invoices, or similar documentation regarding costs," and directed Plaintiff to submit any such documentation or authority. (Nov. 1, 2023 ECF Order.) On November 15, 2023, Plaintiff's counsel filed a supplemental letter, attaching various receipts in support of the request for costs. (*See* Receipts, ECF No. 108-1.) On November 22, 2023, Defendants

---

[3] The Court notes that Mr. Kim's declaration states that he had reviewed his firm's "contemporaneous billing records and removed any and all charges for time spent that could be considered duplicative of another billed task and reduced any time charged that could be considered excessive for the particular task." (Kim Decl., ECF No. 95, ¶ 29.)

filed a letter supplementing their memorandum in opposition to Plaintiff's application for attorneys' fees and costs. (Defs.' Ltr., ECF No. 109.)

As a threshold matter, the Court rejects Defendants' procedural arguments urging that the fee application should be denied since it was filed one day late and because it was not styled as a formal motion, in an exercise of discretion. (*See* Defs.' Mem., ECF No. 96, at 3.) Defendants were not prejudiced by the application being filed one day late, and the Court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Although the application should have been filed on time, and even if it may be better practice to file a motion accompanied by a declaration, the motion should not be denied on these formalistic grounds. Rather, for the reasons set forth herein, the Court grants Plaintiff's motion for attorney's fees and costs in part.

## DISCUSSION

### I. Legal Standards

#### A. The FLSA and NYLL

Under both the FLSA and the NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorney's fees. *See* 29 U.S.C. § 216(b); NYLL § 663(1). As the Second Circuit observed in *Fisher v. SD Protection Inc.*, "[a]ttorneys' fees and costs in FLSA actions generally arise in three contexts." 948 F.3d 593, 600 (2d Cir. 2020). They arise "following a ruling in favor of [the] plaintiff," in the context of a negotiated settlement where attorneys' fees and costs are incorporated "into the settlement amount," and in the event of a negotiated settlement where "the settlement agreement reserves the questions of fees and costs for the court to decide." *Id.* at 600–01. The *Fisher* court further observed that the primary goal of the FLSA's fee shifting provisions is to provide compensation for counsel sufficient to ensure that plaintiffs in "run of the mill FLSA

actions" are not left without legal recourse. *Id.* at 603–04 (quotation marks omitted). This approach promotes "the remedial goals of the FLSA," which is a "'uniquely protective statute.'" *Id.* at 603 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015)).

As to NYLL claims specifically, § 663 provides that prevailing employees are entitled to "recover in a civil action the amount of any such underpayments, together with costs[,] all reasonable attorney's fees [and] prejudgment interest as required under the civil practice law and rules." *See, e.g.*, *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-CV-3435 (WFK) (CLP), 2022 WL 2718584, at *2 (E.D.N.Y. June 7, 2022), *report and recommendation adopted*, 2022 WL 2716487 (E.D.N.Y. July 13, 2022). The rationale discussed in *Fisher* underlying the fee shifting in the FLSA context applies with equal force to the NYLL. To promote the statute's remedial ends, the compensation provided to counsel in NYLL cases should be sufficient to ensure the availability of legal representation for workers who are not paid according to the law.

## B. Reasonable Attorney's Fees

Courts have broad discretion in determining a reasonable attorney's fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The method for determining reasonable fees in this circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009) (recounting history of the forum rule).

Ordinarily, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged." *Lin*, 2022 WL 2718584, at *4.

Once a court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190; *id.* at 183 ("[T]he district court should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar' — what we think is more aptly termed the 'presumptively reasonable fee . . . .'"); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" (quoting *Arbor Hill*, 522 F.3d at 183)). To calculate the presumptively reasonable fee, the Court looks at what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *see also Simmons*, 575 F.3d at 174 (observing that the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively" (quotation marks omitted)).

With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir.

2010) (quotation marks omitted); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 127–28 (E.D.N.Y. 2013). The court must review these time records and the hours an attorney billed in order to determine reasonableness and, in doing so, should examine the value of the work product and "exclude excessive, redundant or otherwise unnecessary hours." *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 2009)), *report and recommendation adopted*, 2010 WL 2539661 (E.D.N.Y. June 17, 2010). "[A] fee award should be based on scrutiny of the unique circumstances of each case[.]" *McDaniel v. County of Schenectady*, 595 F.3d 411, 426 (2d Cir. 2010). In lieu of an itemized reduction, the Court may also "make an across-the-board percentage reduction." *Guauque Castiblanco v. Don Alex Peru, Inc.*, No. 20-CV-2235 (MKB) (RML), 2021 WL 4755701, at *10 (E.D.N.Y. Aug. 20, 2021).

In the FLSA context, "[r]ecent decisions within the Eastern District of New York approved hourly rates of $300 to $450 for partners, $200 to $300 for senior associates, and $100 [to] $200 for junior associates, and $70 to $100 for support staff." *Bin Gao v. Jian Song Shi*, No. 18-CV-2708 (ARR) (LB), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (collecting cases), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *see also Won v. Gel Factory, Corp.*, No. 20-CV-5269 (EK) (ARL), 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (observing, in an FLSA case, that "[c]ourts in this district typically award hourly rates ranging from $300 to $450 per hour for partners in cases such as this," "$200 [to] $300 per hour for senior associates," and "$100 [to] $200 per hour for junior associates"), *report and recommendation adopted*, 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022). In addition to typical billing rates, "case-specific factors like the novelty or complexity of the matter are appropriately considered

in determining the reasonable hourly rate or hours billed." *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019).[4]

## II. Analysis

As set forth above, Plaintiff's counsel seeks $283,702.71, based on his request for $276,407 in fees related to his work and the work of a paralegal, and reimbursement for costs totaling $7,295.71. (Kim Decl., ECF No. 95, ¶¶ 41, 48, 51.) In support of this request, Plaintiff's counsel has submitted billing records that document specific tasks performed, hours worked, and the hourly rates requested for attorneys and support staff. (*See* Billing Records, ECF No. 95-2.) The requested fee for counsel is based on an hourly billing rate of $550 for attorney Ryan Kim and $120 for paralegal Jia Choi. (*See generally id.*) The billing records reflect that the attorney and paralegal's total time spent on the action was 594.5 hours. (*Id.* at 34.) More specifically, Plaintiff's counsel seeks compensation for 476.9 hours billed by Mr. Kim at a rate of $550 per hour (totaling $262,295) and 117.6 hours of time billed by Ms. Choi at a rate of $120 per hour (totaling $14,112). (Kim Decl., ECF No. 95, ¶ 41.)

In support of the application, Mr. Kim's declaration details his and Ms. Choi's professional experience. Since his admission to the New York and New Jersey state bars

---

[4] Defendant argues that Plaintiff's request is deficient because counsel has not cited cases "as to how a court is to determine a 'reasonable' attorney's fee in a matter where FLSA claims were dismissed and the plaintiff prevailed only on state law claims." (Defs.' Mem., ECF No. 96, at 4.) This argument, as to which Defendant provides no citation to any authority other than the NYLL provision that expressly *allows* for attorney's fees, is without merit. As the procedural history of this case makes clear, Plaintiff consented to proceeding to trial on the NYLL claims in order to streamline the trial. (*See* Stip. of Dismissal, ECF No. 78; Pl.'s Ltr., ECF No. 76; Apr. 6, 2023 ECF Order.) Given that Plaintiff could only recover his wage deficiency once, and in light of the similar statutory schemes established by the FLSA and NYLL (but given the NYLL's longer statute of limitations), it was eminently reasonable to agree to focus the trial in this way after Judge Amon decided to retain supplemental jurisdiction. (*See* Apr. 6, 2023 ECF Order.) Defense counsel's nonsensical argument would, effectively, seek to penalize Plaintiff's counsel for agreeing to streamline the trial which, in turn, likely conserved scarce judicial resources while also saving the time of the jury, the parties, and counsel.

in 2002, and the Illinois bar in 2004, Mr. Kim's firm has specialized in representing Korean and Korean-American workers and businesses in workplace disputes. (Kim Decl., ECF No. 95, ¶ 38.) Mr. Kim is fluent in Korean and states in his declaration that there are very few attorneys who are fluent in both Korean and English who specialize in employment law. (*Id.*) Since 2019, Mr. Kim's hourly rate has been $550, and he represents that over 100 of his clients have paid his fees at this rate in the last four years. (*Id.* ¶ 39.) Paralegal Jia Choi is likewise fluent in Korean and has more than 10 years of experience in labor litigation and employment law. (*Id.* ¶ 40.) Her hourly rate is billed at $120 for all clients. (*See id.*)

Having carefully reviewed the billing records, the history of the case, and the case filings, as well as the attachments to Plaintiff's motion, the Court finds that the requested hourly rates and the number of hours worked are somewhat excessive.

### A. Hourly Rates

As set forth above, the hourly rates for FLSA cases in this district typically range from $300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for support staff. *Bin Gao*, 2021 WL 1949275, at *17. The rates counsel seeks in this case are, accordingly, at the very high end or in excess of the typical rates awarded in FLSA cases.

Recognizing that "Mr. Kim is an experienced litigator," judges in this district have very recently awarded him $450 per hour, the top end of the range typically awarded for FLSA cases. *Choi v. AHC Medical Servs, PLLC*, No. 22-CV-1450 (MKB) (JRC), 2023 WL 5612394, at *11, 12 (E.D.N.Y. Aug. 1, 2023) (recommending, in the context of a fee award on a motion for default judgment, a reduction of Mr. Kim's requested hourly rate of $475 to $450 "given the simplicity of this single plaintiff case" and reducing Ms. Choi's hourly rate to $100), *report and recommendation adopted*, 2023 WL 5613718

(E.D.N.Y. Aug. 30, 2023); *see also Ahn v. Sun Cleaners, Inc.*, No. 19-CV-5919 (DLI) (PK), 2022 WL 586022, at *11 (E.D.N.Y. Feb. 18, 2022) (recommending an award based on $450 per hour for Mr. Kim in the context of a motion for default judgment, but reducing Ms. Choi's rate to $70, the "lowest end of the scale for paralegals" because Plaintiff's application for fees did not include "any description of Choi's credentials" notwithstanding that "Plaintiff's counsel has previously been advised that motions for fees should include Choi's credentials" (citing *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *11 (E.D.N.Y. Mar. 9, 2021) (in which Mr. Kim was awarded $450 per hour)), *report and recommendation adopted*, No. 19-CV-5919 (DLI) (PK), Mar. 18, 2022 ECF Order. As to Ms. Choi, the Court notes that the declaration submitted in this case does include background information regarding her experience, unlike the default motion found deficient in *Ahn*. (*See* Kim Decl., ECF No. 95, ¶ 40.)

In this case, there is no compelling reason to deviate from the prevailing rates awarded in this district and the rates recently awarded to Mr. Kim and Ms. Choi. Even though this case went to trial, this was a one-Plaintiff wage-and-hour case in which the trial lasted three days, including jury selection. (*See* Apr. 10, 11 & 12, 2023 Minute Entries for Jury Selection and Trial.) The rates of $450 per hour for Mr. Kim and $100 per hour for Ms. Choi are appropriate.

**B. Total Number of Hours**

1. *Applicable Law*

"When considering an application for attorneys' fees, the court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR) (VMS), 2022 WL 493728, at *6 (E.D.N.Y. Jan. 24, 2022) (quoting *Hensley*, 461 U.S. at 434), *report and recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022). Alternatively, "in dealing with such surplusage, the court has discretion

simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks and citation omitted); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA - ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (reiterating that a court may use a percentage reduction "as a practical means of trimming fat from a fee application" (quotation marks and citation omitted)); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (remanding the case for reconsideration "because the recitation of reasons for accepting all of counsel's pre-verdict requests for fees suggests that the Magistrate Judge may have failed to critically examine these requests" but noting that "[w]e do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items"); *see also De La Paz v. Rubin & Rothman, LLC*, No. 11-CV-9625 (ER), 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013).

In determining a reasonable number of hours, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Courts "must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Hernandez v. Quality Blacktop Servs., Inc.*, No. 18-CV-4862 (RJD) (RML), 2021 WL 1413246, at *11 (E.D.N.Y. Mar. 10, 2021) (citation omitted) (quoting *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012)). At the same time, as the *Fisher* court observed, courts "'need not, and indeed should not, become green-eyeshade accountants'" when evaluating fee requests. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

As a general matter, courts agree with fee applicants' requests when the amount of hours billed is reasonable. *See Gonzales v. Trees R US Inc.*, No. 14-CV-7487 (JMW), 2022 WL 3045714, at \*2 (E.D.N.Y. Mar. 11, 2022). For example, in *Palaghita v. Alkor Capital Corp.*, the parties engaged in two rounds of motion practice, participated in mediation, and litigated FLSA claims for over two years. No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at \*2–3 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021). There, the court found 50.6 hours to be a reasonable number of hours billed for the case and awarded the number of hours plaintiff requested. *Id.* at \*13.

By contrast, when the number of hours billed is excessive, courts may make a blanket reduction. *Lilly*, 934 F.3d at 232–33. For example, in *Lu Wan v. YWL USA, Inc.*, a heavily litigated case, the plaintiffs prosecuted their FLSA claims for three years before settling on the eve of trial. No. 18-CV-10334 (CS), 2021 WL 1905036, at \*1–2 (S.D.N.Y. May 12, 2021). The court found that the billing records, which reflected a total of 144.93 hours of attorney and paralegal time, included excessive and unnecessary entries, and "trimmed" 40% of the total hours. *Id.* at \*6–7. Similarly, in *Ahn*, the court reduced the number of hours for which fees were awarded to Mr. Kim's firm by 30%, finding that they were "excessive and unreasonable." *Ahn*, 2022 WL 586022, at \*12. The concerns identified in *Ahn* included excessive time entries and billing for inappropriate administrative tasks. *Id.* at \*11–12. The Court has some of the same concerns here.

2. *Analysis*

In this case, Plaintiff's counsel requests compensation for 594.5 hours, which includes 476.9 hours billed by Mr. Kim and 117.6 hours billed by Ms. Choi. (Kim Decl., ECF No. 95, ¶ 41.) This of course leads to the question of whether that represents a reasonable amount of time spent in this litigation. *See generally Grant*, 973 F.2d at 99–100

(discussing whether the district court's determination of the number of hours in calculating the lodestar was reasonable).

Defendants question the supporting documentation provided by counsel, arguing that the billing records do not appear to be contemporaneous, and claiming that counsel acknowledges that the records have been altered. (Defs.' Mem., ECF No. 96, at 5–6.) These arguments, which border on frivolous, suggest (1) that the Court should undertake an investigation into the metadata for counsel's billing software and (2) that the Court should find counsel's records unreliable because he took efforts to reduce excessive or duplicative billing entries prior to submitting the records in support of his application, as discussed *supra* note 3. The Court declines both of these invitations. However, having carefully reviewed the billing records, the Court finds that they do contain various excessive and duplicative entries, and also notes that counsel has sought to bill at his full hourly rate for travel time.

 a. Excessive and Duplicative Entries

As to entries that appear to be excessively inflated, the Court first observes that Mr. Kim billed more than 21 hours related to drafting the summary judgment motion and Rule 56.1 statement of facts.[5] Although 21 hours may not be excessive for a somewhat complex or novel motion with unusual facts and law, that is not what we have here. In this case, Plaintiff's June 13, 2022 memorandum of law in support of summary judgment was 14 pages and summarized well settled FLSA and NYLL

---

[5] (*See* Billing Records, ECF No. 95-2, at 18–19 (5/28/2022 entry for 3.0 hours, which included "begin drafting statement of facts and memorandum of law"; 5/31/2022 entry for 13.3 hours for continuing drafting of the statement of facts and memorandum, review of a transcript, and review of a damages document; 6/1/2022 entry for 3.2 hours relating to drafting and editing the memorandum of law and research regarding tolling; 6/2/2022 entry for 5.0 hours for revising and editing memorandum of law and statement of facts and drafting Plaintiff's declaration).)

principles. (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J., ECF No. 35-1.) Meanwhile, the Rule 56.1 statement was six pages, and cited 14 exhibits, which totaled approximately 350 pages, 201 of which were a handwritten timesheet by Plaintiff. (Pl.'s Statement of Material Facts, ECF No. 35-2.) Given the length and lack of complexity of the summary judgment motion and accompanying Rule 56.1 statement, the Court finds that 21 hours is excessive. The Court notes that in *Ahn*, Mr. Kim was likewise found to have included excessive billing entries related to the drafting of routine legal documents. *See Ahn*, 2022 WL 586022, at *11 (finding that the number of hours billed for a default motion, "a boilerplate legal document," was too high).

Another example of excessive, and seemingly duplicative, billing pertains to the myriad entries relating to calculating Plaintiff's damages. Mr. Kim billed 2.1 hours on July 4, 2020, for the purpose of analyzing "Plaintiff's damage calculation" and drafting a settlement demand. (Billing Records, ECF No. 95-2, at 2.) Ms. Choi billed 1.0 that same day for the purpose of making "Plaintiff's brief damage calculation." (*Id.*) Mr. Kim later billed another 1.3 hours on July 24, 2020, also for drafting a settlement demand and sending it to opposing counsel. (*Id.* at 3.) Ms. Choi then billed 7.5 hours on October 6, 2020, related to transferring data into an excel spreadsheet for the purpose of making a damages calculation. (*Id.* at 5.) On April 15, 2021, and April 16, 2021, Ms. Choi again billed 7.0 hours and 6.5 hours, respectively, relating to transferring timesheet records and data to an excel spreadsheet. (*Id.* at 9.) Thereafter, the billing records included repeated entries related to review and further revisions of the damages calculation. For example, Ms. Choi billed 0.5 hours on April 16, 2021, relating to revisions to damage calculation and drafting an email, (*id.* at 9), and Ms. Choi billed another 7.0 hours on June 13, 2022, related to reviewing and doublechecking "time sheets, timerecord, [sic] damage calculation, memorandum and statement of material fact," (*id.* at 19). In

16

addition, on March 29, 2023, almost three years after the case began, Ms. Choi billed 0.1 hours for reviewing the "NYC minimum wage for 2011–2017 and double check[ing] if it applied to our damage calculation." (*Id.* at 28.) Although the Court recognizes that this case involved a lengthy handwritten time record maintained by Plaintiff in Korean, and that counsel may need to revisit and analyze a plaintiff's damages calculation as the evidence develops, given Plaintiff's counsel's and Ms. Choi's experience in employment law, the Court does not find the amount of time billed for calculating the damages here to be entirely reasonable. Given the firm's proffered expertise, counsel should have a more streamlined approach to calculating damages, and a mechanism to assure that important factors (such as the applicable minimum wage) are being utilized throughout the analysis to reduce duplicative and redundant work.

The Court has additional concerns about overbilling related to emails. Mr. Kim has over 150 billing entries relating to email, many of which are billed in 0.1 to 0.3 of an hour increments, while some are even more. (Billing Records, ECF No. 95-2, *passim*.) Although many of these entries relate to communications with opposing counsel, the total amount of time billed on email is excessive, particularly in light of the fact that scheduling is often considered to be an administrative task that should not be billed at a full attorney rate. For example, between August 21, 2020, and October 5, 2020, Mr. Kim billed over 2.5 hours on emails relating to scheduling the mediation.[6] But this series is

---

[6] (*See* Billing Records, ECF No. 95-2, at 3–5 (entries from 8/19/2020 (0.2 hours), 8/21/2020 (0.3 hours), 8/26/2020 (0.2 hours), 8/27/2020 (0.3 hours), 8/28/2020 (0.4 hours billed for email related to scheduling mediation on the same date that 0.3 was billed relating to discussion regarding same), 9/9/2020 (0.2 hours), 9/17/2020 (0.5 hours), 9/22/2020 (0.5 hours), 10/5/2020 (0.1 hours).) Another flurry of emails regarding the scheduling of mediation totals over 2.0 hours between April 16, 2021, and June 15, 2021 (*Id.* at 9–10 (entries from 4/16/2021 (0.2 hours), 5/3/2021 (0.2 hours), 5/4/2021 (0.1 hours), 5/5/2021 (0.2 hours), 5/6/2021 (0.1 hours), 5/7/2021 (0.3 hours), 5/11/2021 (0.2 hours), 6/3/2021 (0.6 hours), 6/14/2021 (0.1 hours), 6/15/2021 (0.1 hours)).)

just one of many such examples of excessive time spent on email. The billing records are replete with billing entries ranging from 0.1 to 0.5 relating to sending and receiving emails. The Court of course recognizes that 0.1 is the smallest billing increment typically used by lawyers, but when over 150 entries are billed at the rate of 0.1 and higher (and when the reading and drafting of many of these emails very likely took less than 6 minutes), the overall total amount of time logged for email risks becoming too high cumulatively. *See, e.g., Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 637 (S.D.N.Y. 2012) (observing that "several entries of 0.1 (six minutes) on the same day for review of ECF emails" inflated the time spent); *see also Jones v. Pawar Bros. Corp.*, No. 17-CV-3018 (PKC) (SJB), 2023 WL 6214213, at *13 (E.D.N.Y. Sept. 25, 2023) (finding hours billed to be excessive, in part, "due to the repeated 0.1 hour billings for email and ECF review"); *Hershkowitz v. ARstrat, LLC*, No. 21-CV-6093 (EK) (TAM), 2023 WL 2311429, at *5 (E.D.N.Y. Jan. 25, 2023), *report and recommendation adopted,* 2023 WL 2306071 (E.D.N.Y. Feb. 28, 2023).

      b.  <u>Travel Time</u>

Counsel has also sought to bill at his full hourly rate for days that included travel time, such as dates for court appearances and trial. However, "[c]ourts in this Circuit award attorney hours spent on travel at 'only 50 percent of the attorney's otherwise approved rate.'" *Lin*, 2022 WL 2718584, at *8 (quoting *Ge Chun Wen v. Hair Party 24 Hours Inc.*, No. 15-CV-10186, 2021 WL 3375615, at *23 (S.D.N.Y. May 17, 2021), *report and recommendation adopted sub nom. Wen v. Hair Party 24 Hours Inc.*, 2021 WL 2767152 (S.D.N.Y. July 2, 2021)); *see also id.* (collecting cases). S*ee also, e.g., Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012) (discussing 50% reduction for travel time).

Here, Mr. Kim billed for his full hourly rate for time over six dates that involved travel to the courthouse.[7] Given that his office is located in Fort Lee, New Jersey, this likely translates to at least 12 hours of travel time, if not more — all of which he billed at the rate of $550 per hour. Assuming one hour per trip, the travel time would amount to $6,600 at Mr. Kim's requested rate (12 x $550=$6,600). In contrast, calculating the travel time at half of the rate the Court finds appropriate ($450) would result in $225 for each hour of travel time, or $2,700. ($450/2 = $225; $225 x 12=$2,700.) But because Mr. Kim did not specifically delineate his travel time contemporaneously in the billing records, the Court cannot reduce the travel hours specifically. Accordingly, the Court finds this to be another basis for an across-the-board deduction, as discussed further below.

3. *Compensable Hours*

For all the foregoing reasons, and following a careful review of Plaintiff's billing records, the Court finds that many of the billing entries and the overall number of hours billed here are excessive. Although the Court recognizes that counsel cannot operate with the benefit of hindsight in deciding what steps to take during the course of a litigation, billing for 594.5 hours of attorney and paralegal time for a one-plaintiff wage and hour case that culminated in two mediations, some settlement discussions, and a three-day trial is not reasonable. That being said, the Court also recognizes that Mr. Kim did reasonably expend some extra hours in this case due to difficulties presented by Defendants during discovery, including, for example, moving to compel the deposition

---

[7] (*See* Billing Records, ECF No. 95-2, at 21–22, 30, 33 (11/16/2022 entry billing 3.5 hours for "travel to/from the court and attend court conference followed by settlement discussion with the judge"; 12/16/2022 entry billing 3.0 hours for traveling to court to attend settlement conference; 4/3/2023 entry billing 4.0 hours for traveling to the court for pretrial conference and motion *in limine* ruling; 17.0 billed for each of 4/10/2023 and 4/11/2023, for attendance at trial and continued trial preparation, as well as 13.0 hours billed for travel to court and trial on 4/12/2023).)

of Defendant Daniel Ahn and for sanctions in connection therewith. (*See* Mot. to Compel, ECF No. 22; Mot. for Sanctions, ECF No. 25; Mot. to Compel, ECF No. 28; *see also* Kim Decl., ECF No. 95, ¶ 31 (representing that "a considerable portion of the time that I spent on this case was spent engaging noncompliant and reticent Defendants").)

However, even considering the fact that Defendants are partially responsible for delaying and prolonging discovery and these proceedings overall, Plaintiff's request for compensation for 594.5 total billable hours is extremely high. In comparison, the Troy Law Firm, another experienced firm that routinely handles employment matters, recently billed 165.4 hours in a two-plaintiff FLSA case in which the parties litigated for three years, engaged in a court-annexed arbitration, and completed a two-day *de novo* bench trial. *Luk v. ABNS NY Inc.*, No. 18-CV-5170 (AMD) (RLM), 2021 WL 829417, at *1, 7 (E.D.N.Y. Feb. 9, 2021), *report and recommendation adopted sub nom. Ying Ying Dai v. ABNS NY Inc.*, 2021 WL 826014 (E.D.N.Y. Mar. 3, 2021). Similarly, in another recent case, the Troy Law Firm sought to recover $101,061.83 in total fees, representing 239.95 hours, following a two-day bench trial in a four plaintiff FLSA case; they were ultimately awarded $67,265.55 in fees. *Lin*, 2022 WL 2718584, at *2, 8–9. Here, Plaintiff's counsel billed 354.55 more hours than in *Lin* — more than double. Accordingly, as with another recent FLSA trial case in our district, "[t]he Court is highly skeptical of the amount of hours being requested by Plaintiff's attorneys." *Jones*, 2023 WL 6214213, at *12 (finding over 700 hours billed in connection with an FLSA trial resolved after a three-day trial to be unreasonable).

In light of the relatively straightforward claims and legal framework in this case and the procedural history, billing such a high number of hours is excessive on its face.[8] Moreover, given Mr. Kim's expertise, "the Court expects an efficient approach to this simple FLSA/NYLL action, even considering Defendants' refusal to concede facts." *Id.* For all of these reasons, a blanket reduction in fees is warranted. Overall, the Court finds a reduction of 25% is appropriate. These deductions, coupled with a reduction of the hourly rates to the levels discussed above, results in a total fee award of **$169,773.75**, as set forth below:

| Individual | Fees Requested | Hours Requested | Hourly Rate Requested | Reduced Hourly Rate | Fee at Reduced Rate | Fee Reduced 25% |
|---|---|---|---|---|---|---|
| Ryan Kim | $262,295 | 476.90 | $550 | $450 | $214,605 | $160,953.75 |
| Jia Choi | $14,112 | 117.60 | $120 | $100 | $11,760 | $8,820 |
| **Totals** | **$276,407** | | | | **$226,365** | **$169,773.75** |

## C. Costs

As noted above, in response to Plaintiff's motion, Defendants argue that New York Labor Law § 198-1 "does not expressly provide for costs" and that Plaintiff's application did not follow the procedures established in Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1. (Defs.' Mem., ECF No. 96, at 6.) Defendants further contend that Plaintiff has not supplied any evidence that the costs were paid. (*Id.*) To that end, as noted above, the Court directed Plaintiff to submit documentation for costs. In response, Plaintiff submitted various cost receipts and invoices. (*See* Receipts, ECF

---

[8] The Court notes that Mr. Kim's billing practices have been similarly questioned by other courts. For example, in *Kim v. Cathay Express Transportation Inc.*, No. 19-CV-2007 (SJB), 2021 WL 9219037, at *3 (E.D.N.Y. June 8, 2021), the court found that the total number of hours was disproportionate to what had occurred in the case and rejected an FLSA settlement agreement in part because "Ryan Kim Law's request for attorney's fees suffers from myriad deficiencies and is grossly inflated."

No. 108-1.) Specifically, counsel provided receipts detailing costs in the amount of $8,062.07, broken down as follows: $400 for the filing fee; $60 for service of process; $300 to pay Plaintiff's half of the mediator's fee; $2,814.20 for deposition transcripts; $2,120 in bills for interpretation services and interpreter cancellation charges; $281.66 in transportation expenses; $2,031.51 for court reporter fees for trial; and $55 in charges related to mailings, supplies, and postage charges. (*Id.*)

Contrary to Defendants' argument, the New York Labor Law expressly provides for the recovery of costs. *See* NYLL § 663; *Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA or New York's Labor Law is entitled to recover costs from the defendant."). As to the costs requested, counsel here seeks reimbursement for specific costs directly related to litigating the case, which are typically recoverable. (*See* Receipts, ECF No. 108-1.) *See, e.g., Reiseck v. Universal Commc'ns of Miami, Inc.*, No. 06-CV-0777 (LGS) (JCF), 2014 WL 5374684, at *8 (S.D.N.Y. Sept. 5, 2014) (evaluating request for costs involving "attorney transportation and meals, fees for court reporting services, expert retainer fees, investigative reports fees, WestLaw usage fees, and sundries including mail and photocopies"); *see also Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (observing that "[c]osts relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable" and that it "'is also reasonable that counsel be reimbursed for mileage and parking costs'") (quoting *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, No. 96-CV-413, 2006 WL 2839236, at *27 (D. Conn. Sept. 5, 2006).

Following Plaintiff's provision of receipts, Defendants supplemented their memorandum in opposition to Plaintiff's application for attorneys' fees and costs. (Defs.' Ltr., ECF No. 109.) Defendants reiterate their previous procedural objection that

the application for costs was not made appropriately by motion and their previous substantive objection that Plaintiff's supporting documentation does not indicate that claimed "expenses were actually paid by Plaintiff." (*Id.*) Defendant does not cite any authority for the proposition that the Plaintiff must submit proof of payment in the form of cancelled checks or receipts, and Courts routinely grant applications for costs after review of invoices. *See, e.g.*, *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-CV-7439, 2018 WL 4101844, at *11 (E.D.N.Y. Aug. 7, 2018), *report and recommendation adopted*, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018); *cf. Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920 (KAM) (VMS), 2018 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (noting the absence of "receipts or invoices" and declining to award costs for costs unsupported with those types of documents).

Given that the types of expenses sought here are reasonable and "routinely recoverable as litigation costs," *Hancock v. I.C. Sys., Inc.*, 592 F. Supp 250, 258 (S.D.N.Y. 2022), the Court awards Plaintiff's counsel $8,062.07 in costs.

## CONCLUSION

The Supreme Court has noted that in fee shifting cases, "[t]he essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. For the foregoing reasons, the Court grants Plaintiff's motion for attorney's fees and costs in part. Specifically, the Court awards Plaintiff **$169,773.75** in attorney's fees and **$8,062.07** in costs, for a total award of **$177,835.82**. Corporate Defendant Party Well Rest & Oriental Bakery is liable for the full amount of attorney's fees and costs, while the Individual Defendants are jointly and severally liable to the following extent: Daniel

Ahn, in the amount of $116,126.79 (65.3%) and (2) Young Joon Ahn, in the amount of

$58,863.66 (33.1%), consistent with their proportionate liability, as discussed *supra*

note 1.

      **SO ORDERED.**

Dated:  Brooklyn, New York
       December 15, 2023

                               *Taryn A. Merkl*
                              TARYN A. MERKL
                              UNITED STATES MAGISTRATE JUDGE