UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WOUN JAE SHIN,

                         Plaintiff,

          -against-

PARTY WELL REST & ORIENTAL
BAKERY INC., DANIEL AHN, and
YOUNG JOON AHN,

                        Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-cv-1319 (CBA) (TAM)

**AMON, United States District Judge:**

Plaintiff Woun Jae Shin initiated this action on March 11, 2020 against Defendants Party Well Rest & Oriental Bakery Inc., doing business as Mail Garden Restaurant; Daniel Ahn; and Young Joon Ahn pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law ("NYLL"), Art. 6 § 190 et seq. and Art. 19 § 650 et seq. (ECF Docket Entry ("D.E.") # 1 ("Compl.").) After two rounds of mediation, two settlement conferences, and a denied motion for summary judgment, the parties proceeded to trial in April 2023 on the NYLL claims.[1] After a three-day trial, the jury returned a verdict in Plaintiff's favor, finding Defendants liable on all of Plaintiff's claims under the NYLL. (See D.E. # 91 at 20-25.) Based on the jury's findings, I issued a judgment in favor of Plaintiff in the amount of $618,788.76, plus interest. (D.E. # 98.) Following the judgment, Plaintiff filed a motion to recover attorneys' fees and costs. (D.E. # 95 ("Kim Decl.").) I referred the motion to the Honorable Taryn A. Merkl, United States Magistrate Judge, for report and recommendation. (Text Entry dated June 15, 2023.) On December 15, 2023, Magistrate Judge Merkl issued her report and recommendation, recommending that the Court grant

---

[1] Plaintiff voluntarily dismissed his FLSA claims to streamline the trial. (See D.E. ## 76; 78; D.E. dated Apr. 6, 2023.)

Plaintiff's motion in part and deny it in part.[2] (D.E. # 110 (the "R&R").) Plaintiff objected to the R&R (D.E. # 112 ("Kim Obj.")) and Defendants filed an opposition to Plaintiff's objections (D.E. # 113). For the reasons set forth below, the findings in the R&R are adopted, and Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this litigation and only includes the background relevant to its adoption of Magistrate Judge Merkl's R&R. Plaintiff has been represented by Ryan Kim Law, P.C. ("RKL" or the "Firm") since the inception of this case. (See Compl.) Plaintiff signed a retainer agreement that RKL would represent him in this matter. (Kim Obj. at 2.) As part of the retainer agreement, Plaintiff was given the option of paying attorneys' fees on an hourly basis ($550.00 for Mr. Kim's time, as well as $120.00 per hour for RKL's paralegal's time) or fees that would be the greater of (a) a contingency fee based on one-third of the amount recovered, or (b) RKL's fees and costs awarded by the court in the case of a favorable outcome at trial. (See Kim Decl. ¶ 7.)

Following trial and judgment, Mr. Kim filed an application for fees in the form of a declaration in support of the fee petition, filed with an accompanying memorandum of law and exhibits. (See generally Kim Decl.) Plaintiff sought $276,407, including (1) $262,295 in fees for 476.9 hours billed at an hourly rate of $550; and (2) $14,112 in fees for work of paralegal Julia Choi for 117.6 hours billed at an hourly rate of $120. (Id. ¶ 41.) Counsel also sought reimbursement for costs in the amount of $7,295.71. (Id. ¶ 48.)

On December 15, 2023, Magistrate Judge Merkl issued a thoughtful and well-reasoned R&R granting Plaintiff's application in part. Judge Merkl found that the billing rates RKL

---

[2] Although the Docket Entry reads as an Order, I treat the Opinion as a report and recommendation in accordance with the initial order referring the motion, and I treat Plaintiff's ensuing Appeal as an objection.

requested for Mr. Kim and Paralegal Ms. Choi were higher than the range of rates awarded to attorneys and paralegals with comparable experience in cases of similar subject matter and complexity. (R&R at 21.) She recommended that Mr. Kim's fees be lowered to an hourly rate of $450, at the upper range of lawyers' rates in comparable matters and in line with what other courts have awarded Mr. Kim in recent employment cases. (Id. at 12.) She also recommended that Ms. Choi's fees be lowered to an hourly rate of $100, at the top end of paralegal fees awarded in similar cases. (Id.) She also found the number of purported hours billed to be excessive relative to the complexity of the matter. (Id. at 15.) Specifically, she noted a comparatively large number of hours billed for filing the summary judgment motion, calculating Plaintiff's damages, and corresponding via email. (Id. at 15-18.) She also referenced unorthodox methods for billing travel time. (Id. at 18-19.) As such, Magistrate Judge Merkl recommended reducing the requested fee by 25%. (Id. at 21.) She also recommended reimbursement of costs in the amount of $8,062.07 in review of the documentation submitted. (Id. at 23.)

Plaintiff's counsel filed objections to the R&R. (Kim Obj.) Although he argues for a higher fee than Magistrate Judge Merkl's recommendation based on his experience and skills, he mainly argues that Magistrate Judge Merkl failed to account for rising inflation, and now asks for an hourly rate of $535. (Kim Obj. at 6-8.) He also maintains that Ms. Choi's hourly rate should be kept at $120 given her experience in labor law and fluency in Korean. (Id. at 8.) Counsel also contests the reduction in hours, proposing that the originally requested fees be reduced by 10% instead of 25%. (Id. at 11.) Defendants respond by asking me to adopt the Magistrate Judge's R&R. (D.E. # 113.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).   To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Lorick v. Kilpatrick Townsend & Stockton LLP, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022) (quoting Ruiz v. Citibank, N.A., No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Defendants did not file objections to the R&R, and the time for doing so has passed.  Since Plaintiff objects to the amount of attorneys' fees recommended, I review that portion of the R&R de novo and find that the reduction recommended by Magistrate Judge Merkl is appropriate.

I.     **Legal Standard**

Under both the FLSA and the NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorney's fees. See 29 U.S.C. § 216(b); NYLL § 663(1). District courts have broad discretion in determining a reasonable attorney's fee. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008).  To calculate a reasonable fee, courts use the "the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

4

When assessing an attorney's requested hourly rate, courts typically apply the "forum rule" to consider other rates awarded in the district in which the reviewing court sits. See Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174-75 (2d Cir. 2009). "[T]he burden is on the fee applicant to produce satisfactory evidence— in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). In addition to a counsel's experience, "case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed[,]" and the Court should "consider its own experience and familiarity with the case and with rates generally charged." Lin v. Joe Japanese Buffet Restaurant, Inc., No. 17-CV-3435 (WFK) (CLP), 2022 WL 2718584, at *4 (E.D.N.Y. June 7, 2022). In the wage and hour context, "[r]ecent decisions within the Eastern District of New York approved hourly rates of $300 to $450 for partners . . . and $70 to $100 for support staff." Bin Gao v. Jian Song Shi, No. 18-CV-2708 (ARR) (LB), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (collecting cases), report and recommendation adopted sub nom., Bin Gao v. ABC Corp., 2021 WL 1946322 (E.D.N.Y. May 15, 2021); see also Won v. Gel Factory, Corp., No. 20-CV-5269 (EK) (ARL), 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (observing, in a FLSA case, that "[c]ourts in this district typically award hourly rates ranging from $300 to $450 per hour for partners in cases such as this"), report and recommendation adopted, 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022).

To assess whether the requested number of hours billed is reasonable, the court must review the attorneys' time records and the hours an attorney billed "based on scrutiny of the unique circumstances of each case[.]" McDaniel v. County of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010). "If the Court finds that some of the time [the attorney billed] was not reasonably

necessary[,] it should reduce the time for which compensation is awarded accordingly." <u>Mister Softee, Inc. v. Konstantakakos</u>, No. 15-CV-4770 (SJ) (SMG), 2016 WL 11445964, at *6 (E.D.N.Y. June 27, 2016), <u>report and recommendation adopted</u>, 2016 WL 4250314 (E.D.N.Y. Aug. 11, 2016) (internal quotation marks omitted). "Where time entries are vague, duplicative, or otherwise inadequate, a court may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'" <u>Id.</u> (quoting <u>T.S. Haulers, Inc. v. Cardinale</u>, No. 09-CV-0451 (SJF) (ARL), 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)).

## II.     Analysis

Reviewing the hourly rate and number of hours recommended by Magistrate Judge Merkl de novo, I adopt the R&R's findings.

### A.  Hourly Rates

Plaintiff's counsel objects to the R&R's recommendation that the Court reduce Mr. Kim's hourly rate to $450 in light of his 22 years of experience in employment litigation, foreign language fluency in Korean, and the impact of inflation on his fees. (Kim Obj. at 4-5.) Plaintiff's counsel posits that the court should reduce his hourly rate to $535, if it chooses to reduce his rate at all. (<u>Id.</u> at 8.) I adopt the recommended reduction to a $450 hourly rate for Mr. Kim, given this is the top of the range for experienced litigators that courts have awarded in this district. <u>See, e.g.</u>, <u>Bin Gao</u>, 2021 WL 1949275, at *17. Acknowledging that "Mr. Kim is an experienced litigator," courts in this district have very recently awarded him $450 per hour, the top end of the range typically awarded for wage and hour cases. <u>See</u> <u>Choi v. AHC Medical Servs, PLLC</u>, No. 22-CV-1450 (MKB) (JRC), 2023 WL 5612394, at *11-12 (E.D.N.Y. Aug. 1, 2023) (recommending, in the context of a fee award on a motion for default judgment, a reduction of Mr. Kim's requested hourly rate of $475 to $450 "given the simplicity of this single plaintiff case"), <u>report and recommendation</u>

adopted, 2023 WL 5613718 (E.D.N.Y. Aug. 30, 2023); see also Ahn v. Sun Cleaners, Inc., No.

19-CV-5919 (DLI) (PK), 2022 WL 586022, at *11 (E.D.N.Y. Feb. 18, 2022) (recommending an

award based on $450 per hour for Mr. Kim in the context of a motion for default judgment); Nam

v. Ichiba Inc., No. 19-CV-1222 (KAM), 2021 WL 878743, at *10 (E.D.N.Y. Mar. 9, 2021), report

and recommendation adopted, No. 19-CV-5919 (DLI) (PK), Mar. 18, 2022 ECF Order (awarding

Mr. Kim $450 per hour).

Mr. Kim does not present any cases where courts have awarded more than $450 for

attorneys in comparable cases.  He argues instead that the values awarded by the courts are

"historic hourly rates" that should be adjusted for inflation.  (Kim Obj. at 6.)  Although courts

should view historical awards with consideration for inflation, Almond v. PJ Far Rockaway, Inc.,

No. 15-cv-06792 (FB) (JO), at *3-4 (E.D.N.Y. Feb. 15, 2018), Mr. Kim was awarded an hourly

rate of $450 as recently as August of 2023.  Choi, 2023 WL 5612394, at *11-12 (recommending,

in the context of a fee award on a motion for default judgment, a reduction of Mr. Kim's requested

hourly rate of $475 to $450).  Using the CPI inflation calculator that Mr. Kim provided in his

papers,[3] there has not been a significant change in the buying power of $450 from August 2023 to

now.  Mr. Kim provides no basis in his objection to deviate from the recent award in Choi, so I

adopt the findings in the R&R and apply an hourly rate of $450 for his services.

I also adopt the R&R's finding that an hourly rate of $100 should be applied to Ms. Choi's

work as a paralegal on this matter.  (R&R at 10.)  Plaintiff's counsel maintains that Ms. Choi's

rate should be maintained at the initially requested $120 per hour in light of her fluency in Korean

and ten years of experience in labor and employment law as a paralegal.  (Kim Obj. at 8.)  As the

---

[3] See United States Bureau of Labor and Statistics, CPI Inflation Calculator, https://data.bls.gov/cgi-bin/cpicalc.pl (last visited Mar. 22, 2024) (calculating that $450 in August 2023 dollars has the buying power of $454.89 as of February 2024, the last month for which data is available).

R&R details, an hourly rate of $100 is at the top end for experienced paralegals in labor and employment matters and in line, or above, what courts have recently awarded Ms. Choi. (R&R 11-12); see also Choi, 2023 WL 5612394, at *11-12 (recommending reducing Ms. Choi's hourly rate to $100). The only cases Plaintiff cites where paralegals were awarded more than $100 per hour were either not labor and employment cases or were cases where the parties agreed to the rate. See Gesualdi v. Nastasi & Assocs., Inc., No. 19-CV-2077 (JS)(AYS), 2021 WL 966326, at *2 (E.D.N.Y. Feb. 11, 2021), report and recommendation adopted, 2021 WL 1115606 (E.D.N.Y. Mar. 24, 2021) (awarding $120 per hour for paralegals in an ERISA matter); M.H. v. N.Y.C. Dep't of Educ., 20-CV-1923 (LJL), 2021 WL 4523696 at *15 (S.D.N.Y. Oct. 1, 2021) (awarding $125 per hour for one paralegal in an IDEA case); Ni v. Bat-Yam Food Servs. Inc., 13-cv-07274 (ALC) (JCF), 2016 WL 369681, at *7 (S.D.N.Y. Jan. 27, 2016) (awarding Plaintiff's requested $120 per hour for paralegals where Defendants did not object). I therefore adopt the R&R's finding that $100 is a reasonable rate for Ms. Choi.

## B. Total Number of Hours

Plaintiff's counsel requests compensation for 594.5 hours, which includes 476.9 hours billed by Mr. Kim and 117.6 hours billed by Ms. Choi. (Kim Decl. ¶ 41.) After finding 594.5 total billable hours to be "excessive" in comparison to other labor and employment cases, Magistrate Judge Merkl's R&R proposes a 25% reduction to Plaintiff counsel's hours expended. (R&R at 21.) The R&R expresses concern over several aspects of the billing record, and I share those concerns.

First, Magistrate Judge Merkl noted inflated billing for motion and document drafting. (R&R at 15.) Mr. Kim billed 21 hours related drafting the summary judgment motion and Rule 56.1 statement of facts. (See D.E. # 95-2 ("Billing Records") at 18-19 (5/28/2022 entry for 3.0

8

hours, which included "begin drafting statement of facts and memorandum of law"; 5/31/2022 entry for 13.3 hours for continuing drafting of the statement of facts and memorandum, review of a transcript, and review of a damages document; 6/1/2022 entry for 3.2 hours relating to drafting and editing the memorandum of law and research regarding tolling; 6/2/2022 entry for 5.0 hours for revising and editing memorandum of law and statement of facts and drafting Plaintiff's declaration).) Although there are circumstances where this could constitute a reasonable number of hours billed on a motion, the memorandum of law in support of Plaintiff's motion here was a 14-page summary of well-settled FLSA and NYLL principles, which would be familiar to a legal team with Mr. Kim and Ms. Choi's employment law experience. (D.E. # 35-1.) The accompanying statement of facts was a mere six pages. (D.E. # 35-2.) Given the brevity and lack of complexity of these filings, paired with the experience Mr. Kim touts in his motion for higher fees, I find that 21 hours is excessive. Other courts have similarly found excessive billing by Mr. Kim related to routine drafting of legal documents. See Ahn, 2022 WL 586022, at *11 (finding that the number of hours billed for a default motion, "a boilerplate legal document," was too high).

The record also indicates excessive and duplicative billing relating to the calculation of Plaintiff's damages. As well-summarized in Magistrate Judge Merkl's R&R, Plaintiff's counsel submits records that show a myriad of seemingly duplicative entries. For example:

> Mr. Kim billed 2.1 hours on July 4, 2020, for the purpose of analyzing "Plaintiff's damage calculation" and drafting a settlement demand. (Billing Records, ECF No. 95-2, at 2.) Ms. Choi billed 1.0 that same day for the purpose of making "Plaintiff's brief damage calculation." (Id.) Mr. Kim later billed another 1.3 hours on July 24, 2020, also for drafting a settlement demand and sending it to opposing counsel. (Id. at 3.)

(R&R at 16 (citing Kim Decl.).) Entries of this duplicative nature continue over the almost three-years of litigation. (Id.) Although this case involved lengthy handwritten time records maintained

9

by Plaintiff in Korean, I would expect a firm with RKL's employment law experience to have a more streamlined approach for calculating damages as the case develops.

Plaintiff's counsel's billing related to emails is similarly unreasonable. Although it is understandable that billing related to emails occurs in small increments, the practices here are problematic for several reasons. First, many of the emails appear to relate to scheduling, a task that is often considered to be administrative and should not be billed at the full attorney rate. For example, between August 21, 2020, and October 5, 2020, Mr. Kim billed over 2.5 hours on emails relating to scheduling the mediation. (See Billing Records at 3-5 (entries from 8/19/2020 (0.2 hours), 8/21/2020 (0.3 hours), 8/26/2020 (0.2 hours), 8/27/2020 (0.3 hours), 8/28/2020 (0.4 hours billed for email related to scheduling mediation on the same date that 0.3 was billed relating to discussion regarding same), 9/9/2020 (0.2 hours), 9/17/2020 (0.5 hours), 9/22/2020 (0.5 hours), 10/5/2020 (0.1 hours).) Another flurry of emails regarding the scheduling of mediation totals over 2.0 hours between April 16, 2021, and June 15, 2021 (Id. at 9-10 (entries from 4/16/2021 (0.2 hours), 5/3/2021 (0.2 hours), 5/4/2021 (0.1 hours), 5/5/2021 (0.2 hours), 5/6/2021 (0.1 hours), 5/7/2021 (0.3 hours), 5/11/2021 (0.2 hours), 6/3/2021 (0.6 hours), 6/14/2021 (0.1 hours), 6/15/2021 (0.1 hours)).) Moreover, the record contains a multitude of email entries ranging from 0.1-0.3 hours spent on emails. Although I acknowledge that 0.1 is the smallest increment that can be billed, reading and drafting emails can often take less than 6 minutes. It is the duty of the attorney to ensure that compounding of 0.1 entries does not result in overbilling. See, e.g., Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 637 (S.D.N.Y. 2012) (observing that "several entries of 0.1 (six minutes) on the same day for review of ECF emails" inflated the time spent); see also Jones v. Pawar Bros. Corp., No. 17-CV-3018 (PKC) (SJB), 2023 WL 6214213, at *13 (E.D.N.Y. Sept. 25, 2023) (finding hours billed to be excessive, in part, "due to the repeated 0.1 hour billings

10

for email and ECF review"). Although Plaintiff attempts to frame these as isolated disputes amidst all hours billed (Kim Obj. at 10), these examples highlight just a few of the suspect billing entries over the course of all the records.

Third, Counsel appears to have billed his full hourly rate for travel time, such as court appearances and trial. However, it is well established in this Circuit to "award attorney hours spent on travel at 'only 50 percent of the attorney's otherwise approved rate.'" Lin, 2022 WL 2718584, at *8 (quoting Ge Chun Wen v. Hair Party 24 Hours Inc., No. 15-CV-10186, 2021 WL 3375615, at *23 (S.D.N.Y. May 17, 2021), report and recommendation adopted sub nom., Wen v. Hair Party 24 Hours Inc., 2021 WL 2767152 (S.D.N.Y. July 2, 2021)); see also id. (collecting cases); Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012) (discussing 50% reduction for travel time). Mr. Kim billed his full hourly late for six days of travel to the courthouse. (See Billing Records at 21-22, 30, 33 (11/16/2022 entry billing 3.5 hours for "travel to/from the court and attend court conference followed by settlement discussion with the judge"; 12/16/2022 entry billing 3.0 hours for traveling to court to attend settlement conference; 4/3/2023 entry billing 4.0 hours for traveling to the court for pretrial conference and motion in limine ruling; 17.0 billed for each of 4/10/2023 and 4/11/2023, for attendance at trial and continued trial preparation, as well as 13.0 hours billed for travel to court and trial on 4/12/2023).) "Given that his office is located in Fort Lee, New Jersey, this likely translates to at least 12 hours of travel time, if not more—all of which he billed at the rate of $550 per hour." (R&R at 19.) Since, as Magistrate Judge Merkl noted, Mr. Kim did not delineate his travel time in the billing records, the Court cannot reduce his travel hours specifically, but this contributes to the need for a blanket reduction.

As these examples indicate, a reduction in the number of hours billed is warranted. While Plaintiff's counsel submits 594.5 total house billed, with 476.9 hours billed by Mr. Kim and 117.6 hours billed by Ms. Choi, the R&R cites two recent employment law trials in this district where significantly lower hours were attributed. First, the Troy Law Firm, another experienced firm that routinely handles employment matters, recently billed 165.4 hours in a two-plaintiff FLSA case in which the parties litigated for three years, engaged in a court-annexed arbitration, and completed a two-day de novo bench trial. Luk v. ABNS NY Inc., No. 18-CV-5170 (AMD) (RLM), 2021 WL 829417, at *1, 7 (E.D.N.Y. Feb. 9, 2021), report and recommendation adopted sub nom., Ying Ying Dai v. ABNS NY Inc., 2021 WL 826014 (E.D.N.Y. Mar. 3, 2021). In another recent FLSA case involving a two-day bench trial and four plaintiffs, the Troy Law Firm was awarded $67,265.55 in fees after seeking to recover $101,061.83 for 239.95 hours. Lin, 2022 WL 2718584, at *2, 8-9.

Plaintiff argues that these cases are distinguishable because they resulted in two-day bench trials, compared to the three-day jury trial here. (Kim Obj. at 9.) Plaintiff argues that this case is instead more analogous to Jones, 2023 WL 6214213, at *12, which involved a 3-day jury trial. (Id.) The court in Jones ultimately reduced the 764.4 submitted hours billed "due to the repeated 0.1 hour billings for email and ECF review, the straightforward nature of the issues and facts litigated, and the excessive hours billed in comparison to other cases of this nature." Jones, 2023 WL 6214213, at *12-13. Moreover, the team in Jones was much larger than here (two partners, three senior associates, three junior associates, a law clerk, and two paralegals), so the work distributed across less experienced and less expensive junior staff explained the higher number of hours. Id. at *10. In addition, while the requested recovery was reduced by 18% in that case, compared to the 25% recommended here, the total amount of attorneys' fees awarded was

12

$150,080.30, lower than the $169,773.75 recommended by Magistrate Judge Merkl.  Id. at *1; (R&R at 23).

Plaintiffs' counsel lastly contend, and I acknowledge, that Mr. Kim had to expend extra hours in this case due to delays created by Defendants.  (Kim Obj. at 2.)  Although this accounts for some of the extra hours compared to similar cases, even with the additional hours necessitated by Defendants, Plaintiff counsel's requested hours are greater than in comparable cases.  As such, I adopt the R&R and find that a 25% reduction in the requested attorneys' fees is appropriate. These reductions, coupled with the aforementioned reduction in Mr. Kim and Ms. Choi's hourly rates, results in a total fee award of $169,773.75, as set forth below:

| Individual | Fees Requested | Hours Requested | Hourly Rate Requested | Reduced Hourly Rate | Fee at Reduced Rate | Fee Reduced 25% |
|---|---|---|---|---|---|---|
| Ryan Kim | $262,295 | 476.90 | $550 | $450 | $214,604 | $160,953.75 |
| Julia Choi | $14,112 | 117.60 | $120 | $100 | $11,760 | $8,820 |
| Totals | $276,407 | | | | $226,365 | $169,773.75 |

## CONCLUSION

For the reasons set forth above, the Court adopts the R&R in all respects.  Accordingly, Plaintiff is awarded $169,773.75 in attorneys' fees and $8,062.07 in costs, for a total award of $177,835.82.

SO ORDERED.

Dated: March 28, 2024
        Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

13